IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK HARLAN; CRAWFORD COUNTY REPUBLICAN CENTRAL COMMITTEE, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES W. SCHOLZ, Chairman, Illinois State Board of Elections; <br> ERNEST L. GOWEN, Vice Chairman, Illinois State Board of Elections; <br> BETTY J. COFFRIN, Member, Illinois State Board of Elections; <br> CASANDRA B. WATSON, Member, Illinois State Board of Elections; <br> WILLIAM J. CADIGAN, Member, Illinois State Board of Elections; <br> ANDREW K. CARRUTHERS, Member, Illinois State Board of Elections; <br> WILLIAM M. MCGUFFAGE, Member, Illinois State Board of Elections, <br> JOHN R. KEITH, Member, Illinois State Board of Elections, all in their official capacities, <br><br> Defendants. | Case No. 1:16-cv-7832 |

## COMPLAINT

Plaintiffs Patrick Harlan and the Crawford County Republican Central Committee, by their attorneys, Jacob Huebert, Jeffrey Schwab, and James McQuaid of the Liberty Justice Center, for their Complaint, state as follows:

### INTRODUCTION

1. Illinois has adopted an unfair, unequal system for Election Day voter registration ("EDR"). It has guaranteed some citizens – those who live in the 20 Illinois counties with populations of 100,000 or more – a right to register to vote at their local polling places on

Election Day. But it has not guaranteed that right to the rest of its citizens – those who live in the 82 Illinois counties with populations under 100,000.

2. This scheme's arbitrary geographic discrimination appears to have been designed to benefit candidates who draw support from high-population counties at the expense of candidates who draw support from low-population counties, such as Plaintiff Patrick Harlan, who is a candidate for the U.S. House of Representatives in the 17th Illinois Congressional District, and the candidates for statewide office supported by Plaintiff Crawford County Republican Party.

3. Because Illinois' discriminatory EDR scheme cannot be justified by any compelling, legitimate, or even rational state interest, this Court should declare that it violates the Equal Protection Clause of the Fourteenth Amendment and enjoin the Defendants, members of the Illinois State Board of Elections, to prevent its implementation in the 2016 general election and all future elections.

## JURISDICTION AND VENUE

4. Plaintiffs bring this suit under 42 U.S.C. §§ 1983 and 1988 to seek relief for state violations of their constitutional rights. This Court therefore has jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), 2201 and 2202.

5. Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Patrick Harlan is a resident of Galesburg, Illinois, and the Republican candidate for the U.S. House of Representatives in the 17th Congressional District of Illinois in the 2016 general election.

7. Plaintiff Crawford County Republican Central Committee is a political party committee based in Crawford County, Illinois, the purpose of which is to elect Republican Party candidates to office.

8. Defendant Charles W. Scholz is Chairman of the Illinois State Board of Elections (the "Board"), which maintains an office in Cook County. The Board has general supervision over the administration of voter registration and election laws throughout the State. 10 ILCS 5/1A-1. The Board has the power to, among other things: disseminate information to election authorities; publish a manual of uniform instructions to furnish to each election authority; prescribe and require the use of such uniform forms, notices, and other supplies; adopt, amend or rescind rules and regulations; and supervise the administration of the registration and election laws throughout the State. 10 ILCS 5/1A-8.

9. Defendant Ernest L. Gowen is Vice Chairman and member of the Board.

10. Defendant Betty J. Coffrin is a member of the Board.

11. Defendant Cassandra B. Watson is a member of the Board.

12. Defendant William J. Cadigan is a member of the Board.

13. Defendant Andrew K. Carruthers is a member of the Board.

14. Defendant William M. McGuffage is a member of the Board.

15. Defendant John R. Keith is a member of the Board.

16. All Defendants are sued in their official capacities.

## FACTS

**Illinois' Discriminatory Election Day Voter Registration Scheme**

17. Illinois did not offer Election Day voter registration until it enacted a pilot EDR program in 2014, which by its terms applied only to the 2014 general election. *See* Ill. Public Act 98-691.

18. Before Illinois established its EDR pilot program, an Illinois citizen who did not register to vote during the normal registration period could make use of "grace period" registration, which began at the close of the normal registration deadline and continued through the third day before the election. During the grace period, a voter could register to vote at the county clerk's office or at a specially designated voter registration site. *See id.*

19. With the EDR pilot program that was in effect for the 2014 general election, the state extended the "grace period" for late registration up to and including Election Day. This meant that a qualified person anywhere in Illinois could register to vote and then vote in person at the office of his or her county's election authority or at a "permanent polling place" for early voting established by the county's election authority. *See* Ill. Public Act 98-691.

20. Less than one month after Election Day in 2014, the Illinois General Assembly rapidly considered and passed new legislation, SB 172, which, created a permanent system of EDR in Illinois. Ill. Public Act 98-1171. SB 172 passed completely on party-line votes in both houses of the General Assembly, with all affirmative votes coming from Democratic legislators and all "nay" votes coming from Republican legislators. Outgoing Democratic Governor Pat Quinn signed the bill on Saturday, January 10, 2015, and his approval of the bill was formally recorded on Monday, January 12, 2015, the same day his successor, Republican Governor Bruce Rauner, was inaugurated.

21. The permanent EDR system that Illinois adopted in SB 172, which remains in effect, is substantially different from the 2014 pilot program. The permanent EDR system allows a qualified person to register to vote, and then vote, in person at any of the following locations: the office of the election authority; a permanent polling place for early voting; any early voting site beginning 15 days prior to the election; or *any polling place* on Election Day. *See* Ill. Public Act 98-1171; 10 ILCS 5/4-50, 5-50, 6-100.

22. Illinois' new EDR scheme does not mandate EDR at every polling place statewide, however. Rather, it mandates that counties with a population of 100,000 or more offer EDR at all polling places. Counties with a population of less than 100,000 that do not use electronic poll books are not required to provide EDR at all polling places, so long as they allow Election Day registration and voting at "(i) the [county] election authority's main office and (ii) a polling place in each municipality where 20% or more of the county's residents reside if the election authority's main office is not located in that municipality." Public Act 98-1171; 10 ILCS 5/4-50, 5-50, 6-100.

23. Thus, Illinois law now guarantees a right to EDR at every polling place to citizens who live in the 20 Illinois counties with a population of 100,000 or more ("high-population counties") but not to citizens who live in the 82 Illinois counties with a population of less than 100,000 ("low-population counties").

24. On information and belief, few low-population counties use electronic poll books, which are costly. As a result, few are required to provide Election Day registration at their polling places in the 2016 general election, and few will do so.

**Contrast with Other States**

25.     Laws providing for EDR in other states do not discriminate against citizens of certain counties as Illinois' EDR scheme does.

26.     In addition to Illinois, ten states – Colorado, Connecticut, Idaho, Iowa, Maine, Minnesota, Montana, New Hampshire, Wisconsin, and Wyoming – and the District of Columbia have EDR systems. Also, North Dakota does not have voter registration but allows any qualified elector to appear at the polls on Election Day and cast a ballot, the functional equivalent of EDR.

27.     Six of the ten other states offering EDR give electors statewide the right to register and vote at their respective precinct polling locations on Election Day, and North Dakota allows electors to vote at their respective precinct polling locations on Election Day without registering.

28.     The other four states offering EDR allow electors to register and vote only at select locations. In Colorado, any citizen may register to vote on Election Day at a center within his or her respective county of residence. In Connecticut, each town contains one designated EDR site. Similarly, in Maine, each city or town has a designated EDR site, typically located at city hall or the town office. And in Montana, EDR is available at the elections office in each county. Although these four states do not have EDR at every polling place, they have a uniform system and do not make distinctions between counties based on population.

29.     No state with EDR, save Illinois, makes a distinction between counties based on population to determine where a person may register and vote on Election Day.

**Tilting the Political Playing Field**

30.     Illinois' EDR system is discriminatory on its face because it guarantees some voters, but not others, the right to register and vote at their respective precinct polling places on

6

Election Day. The predictable result of this discriminatory scheme will be to benefit some candidates for office – and their supporters – at the expense of others.

31. As explained by Plaintiffs' expert witness, Professor M.V. Hood III, an overwhelming consensus exists in the academic literature that EDR increases voter turnout where it is implemented. (*See* Declaration of M.V. Hood III ("Hood Decl."), attached as Exhibit A and incorporated herein by reference, 7-9, 14). This is true when EDR is available at a centralized location, but EDR's effects on voter turnout have been found to be more encompassing and consistent when EDR is offered at precinct polling places. (*Id.* at 8-9.)

32. Accordingly, Illinois' EDR scheme is likely to increase voter turnout in counties that offer EDR at every polling place more than it increases voter turnout in counties that do not offer EDR at every polling place. (*See id.* at 9.)

33. Thus, Illinois' EDR scheme will tend to give an advantage to candidates who draw support from high-population counties when they compete against candidates who draw support from low-population counties.

34. In general, Illinois' EDR scheme is likely to have partisan effects, benefiting Democratic Party candidates at the expense of Republican Party candidates. In statewide elections, Democratic candidates tend to perform better in high-population counties; Republican candidates tend to perform better in low-population counties. In statewide elections from 2004 through 2014, Democratic candidates received more than three fifths (62.1%) of the two party vote in high-population counties; Republican candidates received 54.1% of the vote in low-population counties. This 16.2% difference between the average Democratic (or Republican) vote by county size is statistically significant. (Hood Decl. 11.)

7

35. Thus, it is quite possible that Illinois' EDR scheme will have the effect of diminishing Republican votes relative to Democratic votes. (Hood Decl. 14.)

36. Illinois' discriminatory EDR scheme appears designed to tilt the political playing field to benefit the Democratic Party at the expense of the Republican Party in statewide elections and in elections in districts that include both high-population and low-population counties.

**Injury to Plaintiff Patrick Harlan**

37. Plaintiff Patrick Harlan is a candidate for the U.S. House of Representatives in the 17th Illinois Congressional District.

38. The 17th Illinois Congressional District encompasses a high-population county (Rock Island), portions of two other high-population counties (Peoria and Tazewell), and the entirety of nine low-population counties (Carroll, Fulton, Henderson, Henry, Knox, Mercer, Stephenson, Warren, and Whiteside).

39. As the Republican candidate, Mr. Harlan anticipates that he will receive especially strong support from voters in low-population counties.

40. The election authorities in the 17th Illinois Congressional District's low-population counties do not intend to provide EDR at all polling locations in the 2016 general election but instead will opt out and provide the minimum EDR required under the statute.

41. As a result, electors in low-population counties within the 17th Illinois Congressional District – including some electors who would vote for Mr. Harlan – will not have the same opportunity to vote as electors in high-population counties within the 17th Illinois Congressional District. Some residents of those low-population counties who would register and vote for Mr. Harlan at their polling place on Election Day if they could will not vote at all.

42. The denial of these would-be Harlan voters' opportunity to vote on the same basis as voters in high-population counties is an injury to Mr. Harlan and an injury for which Mr. Harlan can seek relief on his would-be voters' behalf.

**Injury to Plaintiff Crawford County Republican Central Committee**

43. Crawford County, Illinois, has a population of approximately 19,505 people and does not use electronic polling books in elections.

44. Therefore, Illinois law does not require Crawford County to offer EDR at all polling places in the 2016 general election.

45. Crawford County's election authority does not intend to provide EDR at all polling locations but instead will opt out and provide the minimum EDR required under the statute.

46. As a result, Crawford County electors – including some electors who would vote for Republican candidates in statewide elections – will not have the same opportunity to vote as electors in high-population counties. Some Crawford County residents who would register and vote for a Republican candidate in a statewide election at their polling place on Election Day if they could will not vote at all.

47. The denial of these would-be Republican voters' opportunity to vote on the same basis as voters in high-population counties is an injury to the Crawford County Republican Central Committee, and an injury to those would-be voters for which the Crawford County Republican Central Committee can seek relief on their behalf.

**COUNT I**

**Fourteenth Amendment – Equal Protection**

48. The allegations contained in all preceding paragraphs are incorporated herein by reference.

49. Under the Equal Protection Clause, "a citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." *Dunn v. Blumstein*, 405 U.S. 330, 336 (1976).

50. Accordingly, "[w]hen a State makes classifications of voters which favor residents of some counties over residents of other counties, a justiciable controversy is presented." *Moore v. Ogilvie*, 394 U.S. 814, 817 (1969).

51. Illinois's EDR system makes classifications of voters that favor residents of some counties over residents of other counties because it does not provide electors in low-population counties the same guarantee of EDR at their precinct polling places that it provides to all electors in high-population counties.

52. As a result of Illinois' discriminatory EDR system, electors in low-population counties – including but not limited to electors in Carroll, Crawford, Fulton, Henderson, Henry, Knox, Mercer, Stephenson, Warren, and Whiteside Counties – are not provided with EDR at their precinct polling places, while voters in all high-population counties do have access to EDR at their precinct polling places.

53. Thus, Illinois' EDR system denies electors in low-population counties equal access to the fundamental right to vote.

54. Illinois' discriminatory EDR scheme does not serve any compelling state interest, lacks any substantial relationship to any important state interest, and is not rationally related to any legitimate state interest.

55. Therefore, Illinois' EDR scheme violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

56. Plaintiffs and the electors whose interests they represent will be irreparably harmed if Defendants do not prevent Illinois counties' election authorities from implementing the state's discriminatory EDR system in the 2016 general election and future elections.

57. Plaintiffs and the electors whose interests they represent have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of the Plaintiffs against Defendants and:

A. Declare that Illinois' system of EDR established in 10 ILCS 5/4-50, 5/5-50 , and 5/6-100 violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution on its face and as applied because it arbitrarily discriminates against electors in low-population counties by requiring counties with populations greater than 100,000 to allow qualified persons to register and vote at their precinct polling places on Election Day while not requiring counties with populations of less than 100,000 that do not use electronic polling books to allow qualified persons to register and vote at their precinct polling places on Election Day;

B. Preliminarily and permanently enjoin the Defendants to direct election authorities in all 102 Illinois counties not to implement EDR at any precinct polling places on Election Day;

      C.      Award Plaintiffs their reasonable costs and expenses of this action, including attorney fees, pursuant to 42 U.S.C. § 1988(b) or any other applicable law; and

      D.      Grant all other further relief to which Plaintiffs may be entitled.

Dated: August 4, 2016

Respectfully Submitted,

**PATRICK HARLAN and the
CRAWFORD COUNTY REPUBLICAN
CENTRAL COMMITTEE**

By: /s/ Jacob H. Huebert

Jacob H. Huebert (#6305339)
Jeffrey M. Schwab (#6290710)
James J. McQuaid (#6321108)
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702
jhuebert@libertyjusticecenter.org
jschwab@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org