**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| Patrick Harlan, et al. | ) | Case No: 16 C 7832 |
|  | ) |  |
| v. | ) |  |
|  | ) | Judge Samuel Der-Yeghiayan |
|  | ) |  |
| Charles W. Scholz, et al. | ) |  |
|  | ) |  |

**ORDER**

Defendants' emergency motions to stay [53], [56] are denied.

**STATEMENT**

This matter is before the court on Defendants' emergency motion to stay the preliminary injunction entered in this case. On September 27, 2016, this court granted Plaintiffs' motion for a preliminary injunction. Defendants now request that this court stay the injunction while this case is on appeal. Pursuant to Federal Rule of Civil Procedure 62(c), "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62. In determining whether to grant a stay of a preliminary injunction until an appeal is resolved, the court must consider "the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other." *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014)(stating that "[s]tays, like preliminary injunctions, are necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits"). The court should apply a "sliding scale approach" under which "the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *Id.*

As this court indicated in granting the motion for a preliminary injunction, Plaintiffs have shown a strong likelihood of success on the merits. Defendants indicate that they believe that the Seventh Circuit will reverse this court's decision. While Defendants are entitled to their beliefs, they have done nothing more in this motion other than rehash the same arguments previously made and found by this court to lack any merit. Plaintiffs have provided ample evidence to show that the Election Day Registration System (EDR) on its face is unconstitutionally discriminatory to United States citizen voters in low-population counties, and that the application of such legislation dilutes the votes in low-population counties.

This court addressed the severe harm that will be caused to United States citizens in Illinois if the preliminary injunction is not granted. Defendants argue that this court is causing harm by blocking all Illinois voters from registering at their polling places on election day. This court did not restrict the rights of any voters. The legislation did. In order to ensure fairness and

equality in the upcoming elections, this court properly eliminated an unfair advantage given in legislation to certain United States citizens in Illinois. This court also indicated that it will not re-write the EDR legislation. Nothing in this court's order prevents Defendants from seeking a reconsideration of this court's ruling if Defendants could show that EDR will be uniformly applied in all counties in Illinois and all United States citizens in Illinois will be able to register at polling places. The public interest is promoted by ensuring that all United States citizens in Illinois are treated equally. Based on the above, Defendants' emergency motion to stay is denied.

Date: 9/29/16

_____
Samuel Der-Yeghiayan
United States District Court Judge